IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN LEE GRADY,<br># 16001-040,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>KARI KINDER,<br>BILL TRUE,<br>MELISSA SCHRIBER,<br>SARA BYRUM,<br>SHAWN WHITECOTTON,<br>UNICOR,<br>FEDERAL BUREAU OF PRISONS,<br>JOHN/JANE DOE,<br><br>　　　　　　Defendants. | Case No. 18-cv-2159-JPG |

# **MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Kevin Lee Grady, an inmate with the Federal Bureau of Prisons ("BOP") who is currently incarcerated in the United States Penitentiary Marion ("USP Marion"), brings this action for deprivations of his constitutional rights by persons acting under the color of federal authority that allegedly occurred at USP Marion. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). In the Complaint, Plaintiff alleges that Kari Kinder violated his Fifth Amendment due process rights by not allowing him to sign his Inmate Financial Plan with the language "under duress". Plaintiff ultimately lost his prison job with the Unicor training program and was placed on commissary restrictions for failing to sign the Plan.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

In his Complaint, Plaintiff makes the following allegations: he is currently a federal inmate at the Marion Camp and has been working as a UNICOR clerk since February 2016. (Doc. 1, p. 5). On April 25, 2018, Kari Kinder presented Plaintiff with an Inmate Financial Plan to sign. (*Id*. at p. 2 and 13). Plaintiff indicated that he did not understand the language used in the program statement as it was different than the language in the contract, and he asked for a representative to explain his legal rights to him. (*Id*. at p. 2-3). Plaintiff indicated that he wanted to sign the Inmate Financial Plan with the language "under duress" but Kinder indicated that language would indicate that he was not voluntarily participating in the program. (*Id*. at p. 3). Kinder would not allow Plaintiff to speak to a representative. (*Id*.). Plaintiff was directed to either sign the contract or be labeled as a refusal to sign. (*Id*. at p. 7). Plaintiff refused to sign the Inmate Financial Plan and the failure to sign was considered a refusal to participate in the program. (*Id*. at p. 8). As a result, Plaintiff lost his job with the Federal Prison Industries, Inc. training program, UNICOR, and was placed on a commissary restriction. (*Id*. at p. 9). Plaintiff alleges that Kinder's actions violated his due process rights and violated the prison's program statements. He also indicates that he

informed the warden, Unit Manager, and others about Kinder's violations through emails. (*Id*. at p. 3 and 15)

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following three counts:

> **Count 1:** **Defendants denied Plaintiff his Fifth Amendment due process rights when Kari Kinder took away Plaintiff's UNICOR job and imposed commissary restrictions after refusing to allow him to sign his Inmate Financial Plan "under duress".**
>
> **Count 2:** **Defendants violated the the Administrative Procedure Act (APA), 5 U.S.C. §702, *et seq*. when Kinder violated BOP Program Statements by refusing to let Plaintiff sign the Inmate Financial Plan using the language "under duress".**
>
> **Count 3:** **Kari Kinder interfered with Plaintiff's contract with UNICOR under Illinois common law tortious interference with a contract.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

## Discussion

### Count 1

Plaintiff alleges that his Fifth Amendment due process rights were violated by Kari Kinder and the other Defendants when Kinder refused to let Plaintiff sign the Inmate Financial Plan using the language "under duress". Plaintiff ultimately lost his UNICOR job as a result of his refusal to sign the Plan. But such a claim is not cognizable under *Bivens* in light of the Supreme Court's

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

3

recent decision in *Ziglar v. Abbasi*, --U.S.--, 137 S.Ct. 1843 (2017). *Ziglar* suggests that the only valid contexts for constitutional claims against federal officers are those previously recognized by the Court under the Fourth, Fifth, and Eighth Amendments. *See Bivens*, 403 U.S. at 397, 91 S.Ct. 1999 (Fourth Amendment unreasonable search and seizure); *Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979) (Fifth Amendment gender discrimination); *Carlson v. Green*, 46 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980) (Eighth Amendment deliberate indifference to medical needs). The Supreme Court held that federal courts should not expand *Bivens* actions to reach contexts that the Supreme Court has not officially recognized unless "special factors" counsel otherwise. *Ziglar*, 137 S.Ct. at 1859-60.

The Seventh Circuit has recently declined to recognize a new theory of relief in a *Bivens* action premised on due process violations as the prisoner had alternative remedies through the BOP's administrative remedies program. *See Goree v. Serio*, 735 Fed.Appx. 894, 895 (7th Cir. 2018). As to the special factors, Plaintiff has access to alternative remedies through the BOP's administrative remedies program. As such, the Court declines to extend *Bivens* to Plaintiff's due process claim.

Even if Plaintiff could bring such a claim under *Bivens*, the claim in this case would still fail. Plaintiff alleges that a result a Kinder's refusal to allow him to sign his Plan with the language "under duress", he lost his UNICOR job. However, it is well-settled that a prisoner has no constitutionally protected liberty or property interest in prison employment or a particular job. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *Soule v. Potts*, 676 Fed.Appx. 585, 2017 WL 549026, at *1 (7th Cir. Feb. 10, 2017) (unpublished opinion); *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000). Thus, Plaintiff cannot state a *Bivens* claim in connection with his UNICOR job. Count 1 is **DISMISSED with prejudice**.

## Count 2

As to Plaintiff's claim that Kinder violated BOP Program Statement by refusing to allow him to sign his Inmate Financial Plan "under duress", such a claim is not actionable under the APA. The APA provides judicial review for those suffering because of final federal agency action, 5 U.S.C. § 702(a), but by the law's very terms, it does not apply to discretionary agency action, 5 U.S.C. § 701(a). However, BOP Program Statements "are in the nature of policy statements and therefore do not give rise to a cause of action." *Bigbee v. United States*, 359 F.Supp.2d 806, 810 (W.D. Wis. 2005) (citing *Miller v. Henman*, 804 F.2d 421, 424-26 (7th Cir. 1986) (Program Statements are "not promulgated under the Administrative Procedure Act or published in the Code of Federal Regulations, and therefore it does not create a legally enforceable entitlement[]."). Count 2 is, thus, **DISMISSED with prejudice**.

## Count 3

The Court notes several problems with Plaintiff's claim for tortious interference with contract against Kari Kinder. It appears that the proper avenue to bring such a claim would be under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671–2680, although Plaintiff has not identified the FTCA in his Complaint (Doc. 1, p. 5). The FTCA authorizes "civil actions on claims against the *United States*, for money damages ... for ... personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1) (emphasis added). The "only proper defendant in an FTCA action is the United States." *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008); *Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982). *See* 28 U.S.C. § 2679(b). The United States must be named as a party. Thus, Kari Kinder is not the proper party for an FTCA claim.

Further, even if Plaintiff had sued the United States, his claim for tortious interference would be barred by the FTCA. "The Federal Government cannot be sued without its consent." *United States v. Navajo Nation,* 556 U.S. 287, 289 (2009). The FTCA is a limited waiver of the government's sovereign immunity from suit in certain cases involving negligence by federal employees in the course of their employment. *Dolan v. United States Postal Serv.*, 546 U.S. 481, 484–85 (2006) (citing 28 U.S.C. § 1346(b)(1)). The FTCA's waiver of sovereign immunity is subject to a number of exceptions set forth in 28 U.S.C. § 2680. "If one of the exceptions applies, the bar of sovereign immunity remains." Dolan, 546 U.S. at 485. The exception relevant in this case is the "intentional tort exception," which preserves the government's immunity from suit for "[a]ny claim arising out of assault, battery ... abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). Plaintiff's claim for tortious interference with contract clearly falls under the exceptions to the FTCA. Thus, the Court **DISMISSES** Count 3 **with prejudice**.

### Pending Motions

Plaintiff's motion to add injunctive claims against the Defendants in their official capacity (Doc. 2) and his motion for counsel (Doc. 4) are **DENIED** as moot.

### Disposition

**IT IS HEREBY ORDERED** that **COUNTS 1-3** are **DISMISSED with prejudice**.

Plaintiff is **ADVISED** that this dismissal counts as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court in accordance with FED. R. APP. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk is **DIRECTED** to **CLOSE THE CASE** and enter judgment accordingly.

Dated: February 20, 2019                s/J. Phil Gilbert
                                         UNITED STATES DISTRICT JUDGE